ELLIS SLATOFF, complainant-appellant,

*v.*

EDWARD E. THEURICH, surviving executor of the estate of Edward Theurich, deceased, defendant-respondent.

[Argued February term, 1938.   Decided May 11th, 1938.]

*Mr. Saul J. Zucker,* for the complainant-appellant.

*Mr. Sholem Lipis,* for the defendant-respondent.

The opinion of the court was delivered by

BODINE, J.

The complainant appeals from a decree entered in the court of chancery dismissing his bill of complaint. The Newark Cleaning and Dye Works, Incorporated, in 1925 purchased premises in the city of Newark from the Theurich estate paying therefor $5,000 in cash and the balance by the making of a purchase-money mortgage in the sum of $15,000. The complainant, and two other officers of the corporation, also executed the bond. The mortgage was subsequently foreclosed and a deficiency of $16,259.19 resulted. Thereafter, the Theurich estate composed and compromised with the Newark Cleaning and Dye Works, Incorporated, Samuel Greene and Morris Colton for the sum of $2,000, and commenced an action at law against the complainant Slatoff,

which he quite properly sought to have restrained, if, in fact, in equity he was a surety and not a principal joint debtor.

The legislature in *Rev. Stat. 42:5-4* has provided that a compromise or composition with one partner does not discharge the other co-partners or impair the right of the creditor to proceed at law or in equity against the others for the ratable portion of the debt. Section *2:70-10* confers the same privileges upon joint debtors.

We think the present proceeding was controlled by the rule stated in *Westervelt* v. *Frech, 33 N. J. Eq. 451*. In that case W made a note for the accommodation of another. The holder thereof knew that the note was given for accommodation. He then recovered a judgment at law against both maker and endorser, but without the knowledge or consent of W took from the endorser a new note and extended the time for him to pay. Held, that the complainant was entitled to a permanent injunction restraining the holder of the note from enforcing the judgment, since his liability as surety was discharged by giving time to the principal debtor.

In *Bowne* v. *Mount Holly National Bank, 45 N. J. Law 360,* and in *Roseville Trust Co.* v. *Mott, 85 N. J. Eq. 297,* the question of principal and surety was not the issue.

Professor Williston in his work on Contracts, volume 2, section 340, page 1106, states the applicable doctrine with great clarity:

"But a joint debtor who is merely a surety and known by the creditor to be a surety is discharged by such contract (extending time) with the principal. Though in early cases the parol evidence rule was thought to prevent the proof of such a relation between the parties unless stated in the instrument creating the obligation, at first in equity and now generally at law, if the creditor at the time when he received the obligation knew that one of the joint debtors was as between himself and his co-obligors primarily liable for the whole debt, the creditor will lose his rights against all the other joint obligors if he makes any agreement or commits any action with reference to the debtor primarily liable which would impair the rights or increase the risk of those who were sureties."

Mr. Justice Dixon in *Shute* v. *Taylor, 61 N. J. Law 256, 258,* stated the rule as follows: "Finally, in *Anthony* v. *Fritts, 16 Vr. 1,* the subject was fully considered in the

supreme court and, after discussing the cases, Chief-Justice Beasley announced as the decision, 'that in a suit at law against two makers of a promissory note, one of them cannot set up as a defense that he was known as the payee to be an accommodation maker, and that the payee bound himself by legal contract to the other maker to give him time for payment,' and that 'in such cases, a mere equity arises, and the remedy is in chancery.'" See, also, *Grier* v. *Flitcraft, 57 N. J. Eq. 556.*

The deed of conveyance and the bond and mortgage tend to indicate that the complainant executed the bond as surety for the corporate obligor. If in fact he was such and this circumstance was known to the Theurich estate, clearly the discharge of the principal, or an extension of time for the payment of the principal debt, would discharge the surety.

It is urged, however, that the complainant was not entitled to any remedy because there was a reservation in the composition agreement of the right against the surety. However sound this argument may be as a matter of law if the reservation of the right appeared upon the face of the document need not be considered, because as a matter of fact it does not. The document is nothing more than a compromise of the estate's claim against the Newark Cleaning and Dye Works, Incorporated, and the two others. Because the agreement provides that those released shall have the benefit of the legislative enactments with respect to the compromise and discharge of claims against one or more joint debtors (*Rev. Stat. 42:5-4* and *2:70-10*) does not deprive the complainant of his equitable right to an injunction if in fact he was in equity a mere surety, and the debt of his principal has been composed. Clearly, such composition impaired his rights or increased his risks.

The decree is reversed.

*For affirmance*—None.

*For reversal*—PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 12.